TREG TAYLOR
ATTORNEY GENERAL

Mark Cucci (Alaska Bar No. 0311047)
Chief Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-5190
Facsimile: (907) 276-3697
Email: mark.cucci@alaska.gov

Attorney for the State of Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HAROLD KIYUKLOOK, Individually, and as Legal Guardian of M.K., a minor child,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 3:23-cv-00089-JMK |

**STATE OF ALASKA'S MOTION TO QUASH SUBPONEA TO TESTIFY**

Deanna Stang, a non-party to this lawsuit, through the State of Alaska, also a current non-party to this lawsuit that has commenced trial, moves through counsel, the Alaska Attorney General's Office, to quash a subpoena to testify on February 11, 2025, pursuant to Federal Rule of Civil Procedure 45(3).[1] This case presents a unique and

---

[1] The State of Alaska files this motion for the limited purpose of moving to quash a subpoena to testify. The State of Alaska does not intend to waive any procedural or legal

almost unheard-of prospect under applicable Alaska state law which controls the possible claim the United States believes it has against the State of Alaska, in which the Defendant, the United States of America, waited until the eve of trial to attempt to bring in the State of Alaska as a third-party defendant. Not only did they wait, but the trial is now proceeding. The State, as a potential future defendant to this lawsuit, will face undue prejudice if a witness has to testify under oath at trial without the benefit of the pre-trial and discovery process to which the other parties of this lawsuit have been afforded.

The State begins with a short and common-sense argument on why forcing a non-party, who may become a future party, to testify during trial is highly prejudicial. The second part of this motion gives a short procedural history on the United States' last-minute attempt to seek a continuance of trial and add the State of Alaska as a third party.

**I. Subjecting State of Alaska Public Health employee Deanna Stang to testify at the ongoing trial would be highly prejudicial to Stang and the State of Alaska now that the United States is involved in a last-minute effort to bring the State of Alaska into the lawsuit for purposes of allocation of fault.**

To force a witness who is employed by the State, who may be at the center of any claims that the United States may now make against the State, who herself might be exposed to liability in said matter, without having previously been a party up to the date of her testimony is patently unfair, disrupts the traditional attorney-client privilege, and

---

arguments that may present itself in this lawsuit if they were to become a party, including a motion to dismiss. The State also does not waive proper service of process in this lawsuit or consent to jurisdiction as a party unless and until service is completed under Federal Rule of Civil Procedure 4.

creates an immense prejudice for the State of Alaska as a potential third-party to a lawsuit that has already begun trial.

Any testimony by Ms. Stang at this trial would be under oath. It would afford the two current parties to the lawsuit to go on a fishing exhibition and subject her to questioning by both the plaintiff and the United States on subjects that they are well-versed in since they have been conducting discovery for almost two years now. She would not be subject to questioning by her own attorney given the current posture of the lawsuit. If she were to later become a party or be a key witness as part of the asserted attorney/client control group for the State of Alaska, this would be patently unfair and prejudicial to the State and Stang if the late filed third-party complaint against the State of Alaska is allowed to proceed. Ms. Stang, nor counsel for the State of Alaska, were invited to the table during the proper pendency of this lawsuit due to the United States' dilatory behavior during the pre-trial process and their lack of due diligence in assessing a potential claim against the State of Alaska. Neither Ms. Stang nor her counsel have had the opportunity to review the claims or the factual record in the case including medical records, deposition testimony, expert reports, and depositions. Indeed, the State of Alaska has not even been served with a complaint and the time to answer has not commenced.

The State has not been a party to this lawsuit. However, it is assumed that fact, expert, and damages depositions have taken place; that written discovery has been propounded; that motions to limit or dismiss certain claims and exclude certain evidence have been litigated. The State of Alaska has not had the opportunity to participate in the

discovery process; to review any of the records or discovery in the case; to discuss discovery with lay witnesses, clients and experts; nor the opportunity to retain and discuss the matter with their own potential expert witnesses or file appropriate motions to limit testimony or dismiss certain claims.

If a key State witness were subject to a direct and cross-examination under oath on matters the State may have to defend at a later trial, this is akin to trial by surprise and ambush. Any answers given could be considered admissions by a party-opponent. The unprepared testimony could be used for impeachment purposes at a future deposition or trial. Parties have a right to engage in discovery prior to trial. Throwing a State witness into sworn testimony without that accord would be highly prejudicial to any allocation matter the Unites States attempts to bring against the State of Alaska. Neither party needs Ms. Stang's testimony to proceed with their current trial. The subpoena to testify should be quashed at this time.

Indeed, if Stang were compelled to give testimony at this time, the State would later move to have all testimony excluded from subsequent proceedings, although even that remedy could poison any future discovery in the case and would give the other two parties an unfair advantage if the third-party claim were to proceed.

Additionally, the subpoena does not comply with the requirements of Federal Civil Rule 45(c)(1)(A) as Ms. Stang lives and works in Nome, Alaska, which is approximately 500 air miles from Anchorage. Ms. Stang is currently on vacation with her family in Hawaii to celebrate a family milestone and will return to Nome the evening of

February 11, 2025. To then force her to fly from Nome to Anchorage on the morning of February 12, 2025, and take her away from her home and job, would be an undue burden.

II. **The United States did not practice due diligence when deciding to bring a third-party claim against the State of Alaska.**

The procedural posture of this pending lawsuit can be reconstructed by the non-party partially through the docket and some of the publicly available documents on PACER. The lawsuit was filed on April 28, 2023.[2] The United States answered on behalf of the defendants on July 11, 2023.[3] The State of Alaska was not directly sued by the plaintiff in this matter, nor was a third-party complaint filed by the United States prior to trial, even after an adequate period to investigate and conduct discovery. Indeed, on two separate occasions, the United States moved the district court to extend discovery to explore adding the State of Alaska as a responsible party. These unopposed motions were made on December 4, 2023,[4] and January 16, 2024,[5] and both were granted. In the December 4, 2023, motion the United States asked for additional time, "related to the identification of additional parties."[6] In the January 16, 2024, motion they stated, "additional time is still needed related to the identification of additional parties."[7] Not

---

[2] Dkt. 1.
[3] Dkt. 5.
[4] Dkt. 12.
[5] Dkt. 18.
[6] Dkt. 12 at 3.
[7] Dkt. 18 at 3.

until the eve of trial on January 27, 2025, did the United States attempt to add the State of Alaska as a responsible party, and to force a continuance of their pending trial.[8]

The United States had time to explore the possible third-party claim, investigate and gather evidence through the discovery process, and review the applicable law. The United States approached the State of Alaska on December 14, 2023, about such a claim,[9] during their first discovery deadline extension. The State of Alaska argued that a claim against the State would fail due to various factual and legal distinctions in the matter.[10] Armed with what one would assume is a competent independent investigation into the facts and law, and the argument of the State, the United States failed to act to bring the State in as a third party until January 27, 2025, when faced with the start of trial. The United States had the time to investigate, to request records from non-parties like the State of Alaska, to request witness depositions, and to review the applicable law and facts.

The United States asserts they found "newly discovered evidence"[11] in their motion shifts the blame onto the State of Alaska for what appears to be the United States' dilatory behavior during the discovery process in this lawsuit and their lack of due diligence. The United States never sought any discovery from the State until subpoenaing Ms. Stang to testify. The State, a non-party to this lawsuit, has no obligations under

---

[8] Dkt. 58.
[9] Dkt. 58-5 (Exhibit E).
[10] Dkt. 58-6 (Exhibit F).
[11] Dkt. 58 at 1-2.

Rule 26 to make any disclosures. In review of the Plaintiff's Opposition to this Motion,[12] the United States was on notice at least three different times with requests to provide emails in response to the plaintiffs' discovery requests concerning emails between their client and the State.

Returning to the "newly discovered evidence,"[13] this evidence was in the custody and control of the United States' client from the start of this lawsuit.[14]. Exhibit A is an email from Ms. Stang dated March 2, 2022.[15] This email was not responsive to the plaintiffs' subpoena, nor does it relate to the plaintiff. The United States appears to be confused about the distinction between the case management role of the Department of Public Health when it comes to TB monitoring, control, and medical treatment, which the State did not provide and was never obligated to provide in this case. This distinction would have become quite clear with a modicum of discovery or research into the role the State's Department of Public Health plays into these matters. This email does not change the State's legal analysis of this case. The State is not "mistaken"[16] as the United States infers in their motion, in the representations made in the February 2024 letter outlining

---

[12] Dkt. 59.
[13] Dkt. 58 at 1-2.
[14] Dkt. 58 at 2.
[15] Dkt. 58-1 (Exhibit A).
[16] Dkt. 58 at 4.

the State's thoroughly researched legal analysis of the possibility of bringing the State in as a third-party defendant.[17]

The United States also asserts in their motion that "The State should have provided these emails in response to Plaintiff's (sic) subpoena to the State in January 2025 but for some reason did not."[18], referencing their Exhibit B,[19] which contains two emails from Deanna Stang and Steven Albrich dated May 16, 2022, and time-stamped at 3:04 PM and 3:41 PM. The United States presumes that that these emails, which as presented only inform Steven Albrich that he has received an encrypted message from Deanna Stang, must be related to the lawsuit, presumably on a hunch.

Perhaps if the United States had not waited until the eve of trial to have their client pursue further discovery of emails between Deanna Stang and Steven Albrich, they may have realized that the State likely did not provide those emails because they were not responsive. They may have also realized that it was possible for their client to unencrypt these emails on their end without requiring the State to produce them at all. The State, committed to doing their obligatory due diligence, pulled over 500 documents from Ms. Stang's email to comply with the Plaintiff's subpoena, which included original and unencrypted versions of both of these emails. The subjects of these emails are three adult male patients ranging in age from their 20's to their 50's, not a teenage girl. These emails were not released pursuant to the subpoena not only because they are not relevant to

---

[17] Dkt. 58-6 (Exhibit F).
[18] Dkt. 58 at 3.
[19] Dkt. 58-2.

M.K. or this lawsuit, but because they contain protected private healthcare information, which the State cannot and will not produce without a court order.

Due to the prejudice to the State of Alaska as a potential party to this lawsuit that is currently in the midst of a trial, the subpoena for Deanna Stang to testify at this time should be quashed.

DATED: February 5, 2025.

                                            TREG TAYLOR
                                            ATTORNEY GENERAL

                        By:    /s/Mark Cucci
                              Mark Cucci
                              Chief Assistant Attorney General
                              Alaska Bar No. 0311047
                              Department of Law
                              1031 West Fourth Avenue, Ste. 200
                              Anchorage, AK 99501
                              Phone: (907) 269-5190
                              Facsimile: (907) 276-3697
                              Email: mark.cucci@alaska.gov
                              Attorney for State of Alaska

<u>Certificate of Service</u>

I certify that on February 6, 2025, the foregoing **Motion to Quash Subpoena to Testify** was served electronically on:

| | |
|---|---|
| David Henderson<br>Law Offices of David Henderson<br>3003 Minnesota Drive, Suite 203<br>Anchorage, AK  99503<br>dh@henderson-law.com | Marie C. Scheperle<br>U.S. Attorney's Office<br>222 West Seventh Ave Unit 9 Room 253<br>Anchorage, AK  99513-7567<br>marie.scheperle@usdoj.gov |
| Jim J. Valcarce<br>Valcarce Law Office, LLC<br>PO Box 409<br>Bethel, AK 99559<br>jim@bushlawyers.com | Glenn J. Shidner<br>U.S. Attorney's Office<br>222 West Seventh Ave Unit 9 Room 253<br>Anchorage, AK  99513-7567<br>glenn.shidner@usdoj.gov |
| | Jacquelyn A. Traini<br>U.S. Attorney's Office<br>222 West Seventh Ave Unit 9 Room 253<br>Anchorage, AK  99513-7567<br>jackie.traini@usdoj.gov |

<u>/s/Mark Cucci</u>
Mark Cucci, Chief Assistant Attorney General